UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Singleton, # 344630, | ) C/A No. 2:12-2541-TLW-BHH |
| Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Warden, Evans Correctional Institution, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was initially submitted to the United States District Court for the Eastern District of New York *pro se* by a South Carolina state prison inmate. Because the *pro se* prisoner is incarcerated in South Carolina and is seeking to challenge one or more South Carolina criminal convictions, the Petition and the Motion for Leave to Proceed *in forma pauperis* were transferred for ruling to this court from New York. Order Transferring Case, Aug. 31, 2012, ECF No. 4. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

This is another attempt by Mr. Michael Singleton ("Petitioner") to obtain federal review of a 2003 Charleston County criminal conviction that, ultimately, resulted in the 2011 Charleston County probation-violation judgment on which he is currently incarcerated.

The initial pleading in this case was filed in the Eastern District of New York on February 13, 2012 and was given the case number 12-cv-792(NGG). ECF No. 1. Following initial review of Petitioner's submissions, the Eastern District of New York construed the pleadings as stating a § 2254 habeas claim "challenging a criminal judgment entered in [South Carolina]," and the entire case was transferred to this court without any ruling on the merits or otherwise. ECF No. 4.

The Petition in this case, as in Petitioner's most recently transferred § 2254 case: *Singleton v. Warden*, Civil Action No. 2:12-2504-TLW-BHH, consists of a re-hashing of Petitioner's many claims and allegations of wrongdoing and illegality in connection with his 2003 Charleston County conviction and the related 2011 probation-violation conviction in which he is currently incarcerated. As relief, Petitioner seeks "immediate unconditional release from unlawful 2003 conviction, invalidate 2011's false imprisonment and executive expungement of criminal record of S.C. arrests." Pet. 32, ECF No. 1.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## **DISCUSSION**

To the extent that it challenges Petitioner's 2003 Charleston County criminal conviction, the Petition in this case should be summarily dismissed without service on Respondent. In *Singleton v. Warden*, No. 2:11-1034-TLW, this court ruled that Petitioner allowed the § 2244 statute of limitations to run on his 2003 conviction on September 29, 2004 and that no grounds were presented that would require the court to apply the doctrine

of equitable tolling in the case. Because there was no way that Petitioner could correct or change the untimeliness of his habeas petition through amendment or otherwise, this court determined that dismissal *with prejudice* was the correct result. The dismissal *with prejudice* requires application of the legal doctrine of *res judicata* in this case to prevent Petitioner from continuing to challenge the constitutionality of the 2003 conviction in this court or in any other court. *See*, *e.g.*, *Keith v. Aldridge*, 900 F.2d 736, 742 (4th Cir. 1990); *Assa'ad-Faltas v. President of Univ. of S.C.*, 291 F. App'x 534, 536 (4th Cir. 2008); *Corbin v. Johnson*, No. 5:11-CV-456-FL, 2012 WL 3266725, *4-5 (E.D.N.C. Feb. 24, 2012). The district court may *sua sponte* raise the issue of *res judicata* in special circumstances, such as here, where the previous action was litigated in the same district court, or where all relevant data and legal records are before the court and judicial economy will be served by invoking *res judicata sua sponte*. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006); *Carbonell v. La. Dep't of Health & Human Res.*, 772 F.2d 185, 189 (5th Cir. 1985).

As the Fourth Circuit Court of Appeals stated in a case in which *res judicata* was applied in a case where the prior case, as here, had been dismissed on statute of limitations grounds, " 'justice is better served by attributing finality to judgments . . . than by second efforts at improved results.' " *Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989)(quoting 18 Wright, Miller & Cooper, *Federal Practice & Procedure* § 4415 (1981)). This Petitioner has been allowed many more than "second efforts at improved results" by this court over many years, but the court's dismissal *with prejudice* in Civil Action No. 2:11-1034-TLW and of *Singleton v. United States*, Civil Action No. 8:11-1198-TMC, a non-habeas civil case claiming unconstitutional conviction in 2003, put a stop to his continued

4

litigation over the constitutionality of his 2003 Charleston County conviction. *Singleton v. United States*, No. 8:11-1198-TMC, 2011 WL 5508998 (D.S.C. Nov. 10, 2011)(non-habeas), *aff'd*, 471 F. App'x 112 (4th Cir. 2012) (No. 11-7595); *Singleton v. Warden*, No. 2:11-1034-TLW, 2011 WL 3794239 (D.S.C. Aug. 25, 2011) (§ 2254 habeas), *dismissed*, 463 F. App'x 226 (4th Cir. 2012) (No. 11-7219).

Petitioner appears to now believe that he will fare better by trying to file his constitutional challenges to the Charleston conviction and subsequent probation violation in other federal jurisdictions as this is the third case that has been transferred to this court from other district courts: Civil Actions Nos. 2:12-801 (from N.D. Ga.); 2:12-2504 (from E.D.N.Y.), and this case. Any such beliefs are erroneous, however, because *res judicata* applies in all courts where the same claims are attempted to be raised among the same parties or their privies. *Griffin v. McMaster*, No. 2:09-780-PMD, 2009 WL 3861123 (D.S.C. Nov. 17, 2009)(giving *res judicata* effect to a judgment from state court to dismiss a federal § 1983 case based on the same facts as in this case). As a result, the most probable result of any case involving complaints about the 2003 conviction or the 2011 probation violation that he files in a different federal district court will be a transfer to this court, followed quickly by a summary dismissal under the doctrine of *res judicata,* probably with only a brief reference to this case.

Furthermore, to the extent that Petitioner's allegations could be liberally construed as challenges to the constitutionality of the 2011 Charleston County probation-revocation judgment on which he is currently incarcerated, this case is should be summarily dismissed because it is duplicative of Petitioner's currently pending habeas corpus case in which service of the Petition was recently directed: *Singleton v. Warden*, Civil Action No.

2:12-2339-TLW-BHH. The court will not entertain two separate, identical lawsuits filed by the same individual against the same parties. To do so flies in the face of the important interests of judicial efficiency and economy.

The Petition he submitted in Civil Action No. 12-2339 was served on Respondent on September 6, 2012, and the time is now running for the submission of Respondent's answer to the Petition in that case. To the extent that he desires to challenge the constitutionality of the probation-revocation judgment with a desired result of release from prison, Petitioner must make his case in the currently pending habeas case and not in additional, separate cases such as this one. He will have a full opportunity to litigate his claims regarding the probation-violation judgment within the appropriate confines of applicable court procedures in Civil Action No. 12-2339-TLW-BHH.

Finally, in the final proper-form Order issued in one of Petitioner's most recently filed cases in this court, *Singleton v. Warden*, Civil Action No. 2:12-1016-TLW-BHH, the following warning was issued to Petitioner. It is again issued in this case to emphasize its importance and continued applicability to any and all future filings by Petitioner:

> If you continue to file cases containing arguments or allegations about the underlying validity of your 2003 conviction, you will be subject to the potential entry of sanctions against you for excessive use of the court's limited resources. Such sanctions may include, but are not limited to, imposition of a pre-filing injunction that will prohibit you from filing any further civil cases in this court without first paying the full filing fee.

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice*.

Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks  
United States Magistrate Judge

September 18, 2012  
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).